UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

|                          | :   |                          |
|--------------------------|-----|--------------------------|
| CLEMENTE ALICEA,         | :   | CASE NO. 4:04CV439       |
|                          | :   |                          |
| Petitioner,              | :   |                          |
|                          | :   |                          |
| vs.                      | :   | OPINION AND ORDER        |
|                          | :   | [Resolving Doc. Nos. 1, 20] |
| JULIUS WILSON,           | :   |                          |
|                          | :   |                          |
| Respondent.              | :   |                          |
|                          | :   |                          |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 4, 2004, Clemente Alicea filed a petition for a writ of habeas corpus. [Doc. 1]. With his petition, Alicea seeks relief from his life sentence that the state court imposed following his conviction on one count of rape, in violation of Ohio Revised Code § 2907.02(A)(1)(6)(B). Respondent Julius Wilson opposes the petition. [Doc. 17]. Petitioner Alicea replied. [Doc. 19]. On March 24, 2005, Magistrate Judge David S. Perelman issued a report and recommendation advising the Court to deny Alicea's petition. [Doc. 18]. Alicea filed objections to the report and recommendation. [Doc. 23]. After conducting a *de novo* review of the report and recommendation, the Court adopts in part and overrules in part the Magistrate's recommendation. For the reasons discussed below, the Court DENIES the petition.

Alicea also requests that counsel be appointed and that the Court conduct an evidentiary hearing. [Doc. 20]. The respondent opposes Alicea's motion, [Doc. 21], and Alicea has replied. [Doc. 22]. The Court DENIES Alicea's motion for appointment of counsel and for an evidentiary hearing.

-1-

Case No. 4:04CV439
Gwin, J.

## I.  Background

The Court of Appeals for Ohio's Seventh Appellate District set forth the general facts of this

case.  The Court presumes the state court's factual findings to be correct unless the petitioner shows by

clear and convincing evidence that the findings are erroneous.  *See* 28 U.S.C. § 2254(e)(1).

*A.  Indictment And Conviction*

In November 1997, authorities indicted the petitioner in the Mahoning County Court of

Common Pleas on three counts of raping his eight year-old stepdaughter between January 1, 1996 and

February 28, 1997.    In January 1998, the trial court permitted the State to amend the indictment to

specify that the three counts represented separate counts for oral, vaginal, and anal rape.

In August 1998, the appellant filed a motion to dismiss the indictment for lack of specificity,

claiming that the State did not set forth specific times, dates, or places.  The State replied that the victim

did not provide specific dates and that the State filed a bill of particulars in January 1998.  The trial

court denied the motion to dismiss.

In November 1998, the trial court permitted the State to amend the indictment again, this time

to expand the time period during which the rapes occurred forward to April 30, 1997.  The State

based the amendment on information from a physician that the victim reported that the last rape may

have occurred in April 1997.  The State provided the defense with this information during discovery.

Trial began on January 27, 1999.  On February 2, 1999, an Ohio jury convicted the petitioner

of one count of vaginal rape of a child under the age of thirteen.  The conviction included a specification

for having the committed the crime with force or threat of force.  The jury acquitted Alicea on two other

-2-

Case No. 4:04CV439
Gwin, J.

counts of rape (anal and oral) of a child under the age of thirteen.  The court held a sexual

predator/sentencing hearing, and labeled the petitioner a sexual predator.  Alicea is now serving a

mandatory term of life imprisonment.

*B.  Appeal To Ohio's Seventh Appellate District*

Armed with new counsel (attorney Walter Ritchie), the petitioner filed a notice of appeal of his

conviction to Ohio's Seventh District on February 5, 1999.  On December 21, 2001, petitioner, again

with new counsel (attorney John Laczko) filed an appellate brief stating four assignments of error:

> 1.   The trial court erred by sustaining the indictment against the defendant-appellant
> because the state withheld specific information regarding dates, times and places of
> sexual conduct therefore causing defendant-appellant material prejudice and depriving
> him of his constitutional rights to due process of law under the Sixth and Fourteenth
> Amendments to the United States Constitution as well as Section 10, Article I of the
> Ohio Constitution.
>
> 2.   The trial court denied appellant due process under the Fourteenth Amendment due
> to the fact he was found guilty of rape, pursuant to R.C. 2907.02(A)(1)(6)(B) (sic.)
> when said conviction was not based upon sufficient evidence displaying appellant's guilt
> beyond a reasonable doubt and the jury's verdict was inconsistent with the evidence
> and testimony presented at trial.
>
> 3.   The appellant's trial counsel was ineffective in his representation of appellant by
> failing to investigate and present an alibi defense for trial and precluding appellant from
> testifying in his own defense, thereby violating appellant's constitutional guarantees
> under the Sixth Amendment of the United States Constitution which prohibited
> appellant from receiving a fair trial and effected the outcome of appellant's trial to his
> prejudice.
>
> 4.   The evidence presented at defendant-appellant's sexual predator determination
> hearing is insufficient, as a matter of law, to prove by clear and convincing evidence that
> defendant-appellant is likely to engage in one or more sexually oriented offenses and is
> therefore a sexual predator. The trial court, consequently, erred to the detriment of the
> defendant-appellant when it concluded that the defendant-appellant is a sexual
> predator.

-3-

Case No. 4:04CV439
Gwin, J.

[Doc. 17, Ex. 6].  The State filed a brief opposing Alicea's assignments of error on June 6, 2002.

[Doc. 17, Ex. 7].  On December 11, 2002, the Seventh District affirmed the judgment of the trial court.

[Doc. 17, Exs. 1, 8].

*C.  Appeal To Ohio Supreme Court*

On January 27, 2003, the petitioner, through attorney Laczko, filed a timely notice of appeal and jurisdictional memorandum to the Ohio Supreme Court from the Seventh District's opinion.  Alicea restated his four assignments of error.  [Doc. 17, Ex. 10].  The prosecutor filed a response. [Doc. 17, Ex. 11].  On April 2, 2003, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. [Doc. 17, Ex. 12].

*D.  Pro Se Application To Reopen Direct Appeal*

On January 16, 2004, petitioner filed a *pro se* application to reopen his direct appeal to assert a claim of ineffective assistance of appellate counsel in failing to assert an assignment of plain error on appeal. [Doc. 17, Ex. 13].  The petitioner argued that his appellate counsel failed to present the following assignments of error on direct appeal: (1) trial counsel failed to object to the prosecutor's alleged improper bolstering of the victim's credibility during closing argument; (2) trial counsel failed to consult with an expert in the area of child sexual abuse; and (3) the indictment lacked sufficient particularity.

On March 10, 2004, the Seventh District denied Alicea's request to reopen his appeal, finding that Alicea's application was untimely and that Alicea did not demonstrate good cause to excuse the untimely filing.  The appeals court also found that Alicea did not demonstrate a colorable claim of

-4-

Case No. 4:04CV439
Gwin, J.

ineffective assistance of appellate counsel. [Doc. 17, ex. 14].

On May 5, 2004, Alicea filed a *pro se* motion to correct journal entry before the Seventh

District.  Alicea argued that by the time he received a copy of the journal entry denying delayed

reopening of his direct appeal, the time for filing an appeal from that decision to the Ohio Supreme

Court had expired.  Alicea asked the appeals court to re-enter the denial of reopening to permit him to

perfect a timely appeal to the Ohio Supreme Court.  The Seventh District denied Alicea's motion.

[Doc. 17, Ex. 16].

*E.  Federal Habeas Corpus Action*

On March 4, 2004, the petitioner filed the instant *pro se* petition for writ of habeas corpus.

The Court stayed the matter pending exhaustion of Alicea's ineffective assistance of appellate counsel

claim in state court. [Doc. 6].  Alicea file a notice of exhaustion of state remedies on September 7,

2004.  [Doc. 7].  The Court lifted the stay on September 21, 2004. [Doc. 8].

The petition contains the following grounds four grounds for relief:

1.  Petitioner was denied due process of law when the state knowingly withheld information from defense counsel in violation of petitioner [sic] rights as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article One Section Ten of the Ohio Constitution.

2.  Petitioner was denied due process of law when he was found guilty by jury trial on evidence insufficient as a matter of law, to support the conviction in violation of the Fourteenth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution.

3.  Petitioner was denied the effective assistance of trial counsel in violation of petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article One Section Ten of the Ohio Constitution.

Case No. 4:04CV439
Gwin, J.

     4.  Petitioner was denied the effective assistance of appellate counsel in violation of
petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the
United States Constitution and Article One Section Ten and Sixteen of the Ohio
Constitution.

[Doc. 1].

II.  Legal Standard

     The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA

provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated

on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law as determined by the Supreme Court of the

United States; or (2) resulted in a decision that was based upon an unreasonable determination of the

facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  *See also*

*Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

     The United States Supreme Court outlined the proper application of  § 2254(d) in *Williams v.*

*Taylor*, 529 U.S. 362 (2000).  To justify a grant of habeas relief under the "contrary to" clause, "a

federal court must find a violation of law clearly established by holdings of the Supreme Court, as

opposed to its dicta, as of the time of the relevant state court decision."  *Miller*, 269 F.3d at 614

(internal quotations omitted) (quoting *Williams v. Taylor,* 529 U.S. 362 (2000)).  Meanwhile, "under

the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court

identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably

applies that principle to the facts of the prisoner's case."  *Id*. at 1523.  The Sixth Circuit holds that,

-6-

Case No. 4:04CV439
Gwin, J.

even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution. *Floyd v. Alexander*, 148 F.3d 615, 619, (6th Cir.), *cert. denied*, 525 U.S. 1025 (1998). It is the obligation of the Court to accept as valid a state court's interpretation of the statutes and rules of practice of that state. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. *See* 28 U.S.C. § 2254(e)(1).

## III.  Analysis

### A.  First Claim: Particularity Of Indictment

In his first claim of error, Alicea contends that the State denied him due process of law by failing to include in the indictment specific information regarding dates, times, and places of the rapes, and that the failure to provide specific dates impaired his ability to formulate an alibi defense. [Doc. 1 at 9]. Citing the Seventh District's opinion, the respondent says that the indictment provided sufficient particularity and that Alicea does not demonstrate that the indictment caused him any prejudice. The Court agrees with the respondent.

There is no federal constitutional right to be charged in an indictment. *Koontz v. Glossa*, 731

Case No. 4:04CV439
Gwin, J.

F.2d 365, 369 (6th Cir. 1984).  Rather, the "due process clause of the Fourteenth Amendment

mandates that whatever charging method the state employs must give the criminal defendant fair notice

of the charges against him to permit adequate preparation of his defense."  *Id.*  The government

provides fair notice when it describes the charged offense with "precision and certainty so as to apprise

the accused of the crime with which he stands charged."  *Id.*  Although the indictment must set forth

material facts constituting the elements of the offense, the indictment need not provide precise dates and

times to pass constitutional muster.  *State v. Sellards*, 17 Ohio St. 3d 169, 170 (1985).

In reviewing this claim, the state appeals court found that the indictment described the charged

offenses with sufficient detail.  *See State v. Alicea*, No. 99CA36, 2002 Ohio App. LEXIS 6754, at

*10-12 (Ohio Ct. App. Dec. 11, 2002).  Although the indictment did not identify specific dates for the

vaginal rapes, a later bill of particulars identified (1) the address of the house and where the rapes

occurred, (2) the locations within the house where the rapes occurred, and (3) the circumstances under

which the rapes occurred.  The state court reasoned that the indictment, along with the later bill of

particulars, provided sufficient information to permit Alicea to form his defense.

Alicea argues that the lack of specific dates for the vaginal rapes impaired his alibi defense.  But

the Seventh District found no evidence that the victim provided the government with any more specific

dates.  At trial, the victim did not testify as to any specific dates.  Rather, on direct examination, the

victim testified that the vaginal rapes occurred within a wide date range.  The victim offered more

narrow date ranges on cross examination.  Regardless, the victim's account agreed with the dates that

the indictment provided.  There was no indication that the government could have identified specific

Case No. 4:04CV439
Gwin, J.

dates for the defendant to support his alibi defense.  Additionally, the appeals court found that Alicea

waived any arguments as to his alibi defense by failing to file a notice of alibi with the trial court, as

required by Ohio Crim. R. 12.1 and Ohio Rev. Code § 2945.58.  *Alicea*, 2002 Ohio App. LEXIS

6754, at *12-13.

      Magistrate Perelman correctly found that Alicea's first claim for relief does not rise to the level

of a denial of fundamental fairness, and is therefore not cognizable in habeas corpus.  Alternatively, and

again correctly, Magistrate Perelman found that the Seventh District's analysis was neither objectively

unreasonable, nor an unreasonable application of federal law.

      Although the petitioner objects to Magistrate Perelman's recommendation on the first claim for

relief, his objection is that his appellate counsel failed to adequately argue the due process indictment

issue before the Seventh District. [Doc. 23 at 10].  This objection goes more to Alicea's fourth claim

for relief, which deals with ineffective appellate counsel.

      Otherwise, Alicea does not argue that Magistrate Perelman's findings were incorrect.  Because

Magistrate Perelman and the state appeals court analyzed the issue correctly, the Court adopts the

report and recommendation and finds that Alicea's first claim for relief fails.

*B.  Second Claim: Insufficient Evidence*

      Alicea's second claim for relief is that the jury lacked sufficient evidence to convict him on the

vaginal rape charge.  Alicea argues that (1) the victim's inability to recall the details of the rape places

doubt on her testimony and (2) the jury and state appeals court failed to consider the examining

physician's testimony that a one-time insertion of a finger could have caused the injury to the victim's

-9-

Case No. 4:04CV439
Gwin, J.

vagina.  The Court denies Alicea's second claim for relief.

When a petitioner challenges the sufficiency of evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.  A conviction based on insufficient evidence is a denial of due process.  *See Tibbs v. Florida*, 457 U.S. 31, 45 (1982).  Because the Due Process Clause "forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt," *Fiore v. White*, 531 U.S. 225, 228-29 (2001), "a state law question regarding the elements of the crime predicates enforcement of [the petitioner's] federal constitutional rights." *Richey v. Mitchell*, 395 F.3d 660, 672 (6th Cir. 2005). As a result, an insufficient evidence claim is subject to habeas corpus review.

Sufficient evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the Court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson*, 443 U.S. at 324.  This standard does not permit the Court to make its own subjective determination of guilt or innocence.  Rather, the standard recognizes the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts.  *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

Here, the victim testified that Alicea removed her clothes.  She then closed her eyes, and felt Alicea's "privates" inside of her.  *Alicea*, 2002 Ohio App. LEXIS 6754, at *15.  The examining physician testified that the victim's hymen had been partially penetrated, and that a penis could have

-10-

Case No. 4:04CV439
Gwin, J.

caused such penetration.  *Id.*  Based in part on this evidence, the jury convicted Alicea of one count of

vaginal rape of a child under the age of thirteen.  Ohio law defines that crime as "sexual conduct" with a

person less than thirteen years old.  Ohio Rev. Code. § 2907.02(A)(1)(b).  "Sexual conduct" includes

"the insertion, however slight, of any part of the body or any instrument . . . into the vaginal or anal

cavity of another."  *Id.* § 2907.01(A).

The jury was in the best position to view the demeanor and judge the credibility of these

witnesses.  The jury credited the victim's testimony that Alicea penetrated her vagina.  Whether Alicea

penetrated her vagina with his finger, penis, or some other instrument is beside the point for purposes of

the rape conviction.  Penetration by any object constitutes rape.  The state appeals court reviewed the

trial record and found sufficient evidence to sustain the vaginal rape conviction.  Magistrate Judge

Perelman found that the Seventh District's evidence analysis passed constitutional muster.  Alicea offers

no objection to Judge Perelman's findings on this issue.  This Court, having conducted its own review,

agrees that sufficient evidence supported the rape conviction.

*C.  Third Claim: Ineffective Assistance Of Trial Counsel*

In his third claim for relief, the petitioner argues that his trial counsel was ineffective in two

respects: (1) counsel failed to investigate and interview witnesses to establish an alibi defense, and (2)

counsel did not call Alicea as a witness at trial. [Doc. 1 at 14]; *Alicea*, 2002 Ohio App. LEXIS 6754,

at *19-20.  The Seventh District found that it could not address this claim for relief on direct appeal,

because it would require the appeals court to impermissibly consider matters outside of the trial record.

*Id.* (citing *State v. Hartman*, 93 Ohio St. 3d 274, 299 (2001)).  Magistrate Judge Perelman

-11-

Case No. 4:04CV439
Gwin, J.

recommends that the Court deny Alicea's third claim for relief as procedurally defaulted.  Alicea offers

no objection to Magistrate Judge Perelman's report and recommendation with respect to this issue.

The Court agrees with Magistrate Judge Perelman.

To show that counsel's performance was constitutionally ineffective, Petitioner must satisfy the

standard from *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, Petitioner must show that

counsel's performance was deficient, meaning that Petitioner "must show that counsel's representation

fell below an objective standard of reasonableness."  *Id*. at 688; *Howard v. Bouchard*, 405 F.3d 459,

479 (6th Cir. 2005).  A "strong presumption" exists that counsel's conduct constituted "reasonable

professional assistance."  *Strickland*, 466 U.S. at 689; *Ballard v. United States*, 400 F.3d 404, 407

(6th Cir. 2005).  This Court recognizes the distorting effects of hindsight.  *See Strickland*, 466 U.S. at

689.

Second, Petitioner must show that his counsel's deficient performance prejudiced his defense

by undermining the reliability of the result.  *Strickland*, 466 U.S. at 694-95.  In showing that the

deficient performance prejudiced the defense, Petitioner must show that a "reasonable probability"

exists that, but for counsel's errors, the result of the criminal proceedings would have been different.

*See id*. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the

outcome."  *Strickland*, 466 U.S. at 694.  Petitioner cannot prevail if he shows merely that the alleged

errors had "some conceivable" effect on the outcome of the proceedings.  *See id*. at 693.

A federal habeas court may not hear issues that the petitioner could have raised in the state

court but failed to do so due to procedural default.  *See Wainwright v. Sykes*, 433 U.S. 72 (1977).  In

-12-

Case No. 4:04CV439
Gwin, J.

deciding whether the petitioner procedurally defaulted a claim, the Court applies four criteria:  (1) whether there is a state procedural rule that is applicable to the petitioner's claim; (2) whether the petitioner failed to comply with that rule; (3) whether the procedural rule was actually enforced in the petitioner's case; and (4) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.  *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

The Court will excuse procedural default if the petitioner demonstrates good cause for the default and prejudice resulting therefrom.  *See Wainwright*, 433 U.S. at 87.  The prejudice must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *U.S. v. Frady*, 456 U.S. 152, 172 (1982).

Alicea procedurally defaulted his third claim for relief.  Under Ohio Rev. Code § 2953.21, a defendant must pursue a claim for post-conviction relief within 180 days of conviction.  The 180-day post-conviction relief period has long since expired in Alicea's case.  Ohio Rev. Code § 2953.23 permits a motion for post-conviction relief past the 180-day period if the petitioner can show that (1) he was unavoidably prevented from discovery of the facts upon which he relied in formulating his claim for post-conviction relief, and (2) that but for a constitutional error at trial, no reasonable fact finder would have found him guilty.

Alicea does not demonstrate cause.  Alicea was aware of the facts underlying his claim for ineffective trial counsel from the moment of his conviction.  Alicea does not suggest otherwise.  Nor does Alicea indicate how his trial counsel's conduct flunked the *Strickland* test.  If a criminal defendant

-13-

Case No. 4:04CV439
Gwin, J.

insists on testifying over his counsel's objections, he must discharge his counsel or inform the court of

his intention to testify. *Gonzales v. Elo*, 233 F.3d 348, 357 (6th Cir. 2000), *cert. denied*, 532 U.S.

980 (2001). Otherwise, the trial court will imply waiver of the right to testify. *Id.* Alicea never took

any such affirmative steps.

Alicea does not demonstrate prejudice. He offers no evidence that his trial counsel's

unwillingness to call Alicea as a witness and the alleged failure to investigate an alibi fell below an

objective level of reasonableness, or that there is a reasonable probability that he would have been

acquitted but for his counsel's actions. Even excusing his waiver of his right to testify, Alicea offers no

insight into what testimony he would have offered in his defense, or the details of his supposed alibi.

Further, it strains credulity to argue that Alicea could have offered an alibi given that the victim could not

testify to the specific dates and times of the rapes.

Because Alicea does not demonstrate cause and prejudice under the *Wainwright* standard, the

Court agrees with Magistrate Judge Perelman that the third claim for relief is procedurally defaulted.

*D. Fourth Claim: Ineffective Assistance Of Appellate Counsel*

Alicea focuses his attention on his fourth claim for relief. With this claim, Alicea contends that

he received ineffective assistance of appellate counsel. Specifically, Alicea says appellate counsel failed

to argue that (1) trial counsel was ineffective by failing to object when the prosecutor said the victim did

not have a motive to lie during closing statements, (2) trial counsel was ineffective by failing to consult a

medical expert in child sexual abuse, and (3) the indictment lacked sufficient particularity. The State

argues that Alicea procedurally defaulted this claim for relief, and Magistrate Judge Perelman agrees.

-14-

Case No. 4:04CV439
Gwin, J.

Alicea objects to Magistrate Perelman's finding that he procedurally defaulted his fourth claim for relief.

Upon *de novo* review, the Court finds that while there may have been good cause for Alicea's failure

to timely raise this claim in the state courts, Alicea has not shown prejudice excusing his noncompliance

with state procedural rules.  The Court denies Alicea's fourth claim for relief.

    *1.  Cause*

    Alicea did not raise the issue of ineffective assistance of appellate counsel in his direct appeal to

the Ohio Supreme Court.  Rather, he first raised the issue in his Ohio Rule 26(B) application to reopen

direct appeal to the appellate court.  Alicea says that he did not raise the issue in a timely manner

because of "the Clerk of Courts' failure to timely notify petitioner of the denial of his 26(B) application."

[Doc. 19 at 5].  By the time Alicea received notice of the denial of his Rule 26(B) application, the time

in which to file a direct appeal to the Ohio Supreme Court had expired.

    Under these circumstances, Alicea shows that objective factors external to the defense

impeded his ability to comply with the state procedural rule.  *See Murray v. Carrier*, 477 U.S. 478,

488 (1986).  The Court thus finds that Alicea sufficiently demonstrates cause for the procedural default

of his claim of ineffective assistance of appellate counsel.  *See Wainwright*, 433 U.S. at 87.     *2.*

*Prejudice*

    Although Alicea demonstrates cause for the procedural default of his claim for ineffective

assistance of appellate counsel, he does not demonstrate prejudice under *Wainwright*.

        *a.  Trial counsel's failure to object to statements regarding victim's motives*

    Alicea says that his appellate counsel should have argued that his trial counsel failed to object

-15-

Case No. 4:04CV439
Gwin, J.

when the prosecutor referred to the victim's lack of a motive to lie during closing statements.  Alicea

views the prosecutor's statements as an improper expert opinion "on the veracity of the statements of a

child declarant." [Doc. 19 at 9] (quoting *State v. Boston*, 46 Ohio St. 3d 108, 128-29 (1989)).

However, prosecutors are permitted to refer to a witness's motive to lie, or lack thereof, in responding

to a defendant's attack on the witness's credibility.  *See State v Green*, 90 Ohio St. 3d 352, 373-74

(2000).

Here, Alicea's trial attorney referred to the victim's motive to lie in his opening statement:

"[Y]ou're going to be able to see that at this point in time [the victim] had a really good reason to lie

and that somewhere down the road she did lie.  The time line is going to establish for you that [the

victim] had a motive to falsely accuse Clemente Alicea . . . . " [Doc. 17, Ex. 21 at 16].  Defense

counsel also alluded to the victim's motive to lie during cross examination, specifically her desire to live

with her father instead of her mother.  [Doc. 17, Ex. 21B at 102, 111].  During closing statements, the

prosecutor responded:  "Ask yourselves what motive does this child have to lie? . . .  She had no

motive to lie.  What does she have to gain?" [Doc. 17, Ex. 22B at 353].

Alicea argues that the prosecutor's statement was improper vouching.  "Improper vouching

occurs when a jury could reasonably believe that a prosecutor was indicating a personal belief in a

witness' credibility." *United States v. Emuegbunam*, 268 F.3d 377, 404 (6th Cir. 2001), quoting

*Taylor v. United States*, 985 F.2d 844, 846 (6th Cir.1993).  Improper vouching also occurs when the

prosecutor argues evidence not in the record.  Here, the prosecutor's statement does not indicate a

personal belief in the child-witness.  Instead, it simply asks the jury to reach that conclusion.

-16-

Case No. 4:04CV439
Gwin, J.

The prosecutors's statements regarding the victim's motive to lie were reasonable and proper in light of the defense's opening statement and cross examination of the victim.  Alicea does not demonstrate that prejudice resulted from his appellate counsel not raising the issue.

### b.  Trial counsel's failure to consult medical expert

Alicea's next point is that his appellate counsel was ineffective by not arguing that his trial counsel failed to consult with a medical expert.  The Court finds that Alicea does not demonstrate prejudice on this issue.

First, Alicea offers no evidence that the failure to retain a medical expert worked to Alicea's "actual and substantial disadvantage."  *Frady*, 456 U.S. at 170.  Instead, Alicea says "[t]his claim of counsel ineffectiveness does not require evidence outside the record." [Doc. 19 at 13]. The Court has reviewed the record in this case and finds that while the State offered substantial evidence of Alicea's guilt, there is no evidence that the lack of a defense medical expert prejudiced Alicea.  In the Sixth Circuit, "the prejudice component of the cause and prejudice test is not satisfied if there is strong evidence of a petitioner's guilt and a lack of evidence to support his claim."  *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994).

Alicea chiefly contends that his trial counsel would have been better equipped to cross-examine the State's medical witness if he had retained his own expert.  In his response brief, Alicea asserts: "It is clear from the record that trial counsel was not prepared to cross-examine this witness concerning his medical findings and his opinion about those findings." [Doc. 19 at 13].  In fact, the record shows precisely the opposite.  Defense counsel elicited several important admissions on cross-examination:

Case No. 4:04CV439
Gwin, J.

> Q.    Now, Doctor, your medical opinion, you're not capable of telling us what it is you think partial penetrated [the victim], are you?
>
> A.    I can't say by the exam.
>
> Q.    It could have been a finger that caused the damage that you found during your examination, couldn't it?
>
> A.    Correct.
>
> Q.    Doctor, would your findings be consistent with a one-time insertion of a finger into the vagina to the point it would get to the hymen.
>
> A.    Yes.

. . .

> Q.    But what you've testified to here today with your reasonable medical opinion is that there was evidence of partial penetration, right?
>
> A.    Correct.
>
> Q.    And that evidence of partial penetration could be attributed to a one-time incident?
>
> A.    It could be.
>
> Q.    And we don't know what it was that caused that evidence you found?
>
> A.    That's correct.
>
> Q.    It could have been a finger?
>
> A.    Yes
>
> Q.    Doctor, in doing your examination, you didn't detect any medical or scientific evidence to show that Clemente Alicea had penetrated [the victim], did you?
>
> A.    That's correct.

-18-

Case No. 4:04CV439
Gwin, J.

[Doc. 17, Ex. 21E 212-218].

It is unclear what else defense counsel could have accomplished on cross-examination. The State's witness admitted that there was no evidence that Alicea himself engaged in sexual conduct with the victim. Alicea does not suggest that there was no vaginal penetration, but only that he was not the source of the penetration. Trial counsel elicited testimony to that effect from the State's witness.

Under these circumstances, the Court finds that Alicea does not demonstrate prejudice from trial counsel's failure to retain a medical expert, and from appellate counsel's failure to argue the issue.

### c. Failure to challenge the indictment

Alicea argues that his appellate counsel failed to argue that the indictment did not meet the requirements set forth in *Russell v. United States*, 369 U.S. 749, 763 (1962). *Russell* requires that an indictment (1) contain the elements of the offenses charged, (2) provide the defendant with adequate notice of the charges, and (3) protect against double jeopardy by enabling the defendant to plead an acquittal or conviction to bar future prosecution for the same offense.

The Court has already discussed the particularity of the indictment. *See* Part III.A *supra*. In considering this argument, the Seventh District correctly found that the State could not present more specific dates for the assaults in the indictment, and that the lack of more specific dates did not prejudice Alicea' ability to mount a defense. The indictment contained the elements of the offenses charged and provided Alicea with sufficient notice of the charges against him. Further, because the State only charged Alicea with one count of vaginal rape (even though multiple incidents of sexual conduct may have occurred), the indictment does not raise *Russell* double jeopardy concerns. *See*

-19-

Case No. 4:04CV439
Gwin, J.

*Russell*, 369 U.S. at 764 ("it can hardly be doubted that the petitioners would be fully protected from

again being put in jeopardy for the same offense, particularly when it is remembered that they could rely

upon other parts of the present record in the event that future proceedings should be taken against

them.").

Alicea does not demonstrate that his appellate counsel caused any prejudice by not raising the

indictment issue.

*E.  Request For Appointment Of Counsel And Evidentiary Hearing*

Alicea also moves for appointment of counsel and an evidentiary hearing.  The Court denies

Alicea's motion.  There is no constitutional right to counsel in habeas corpus proceedings.  *See*

*Douglas v. Maxwell*, 357 F.2d 320, 321-22 (6th Cir, 1966).  The decision to appoint counsel is

subject to the Court's discretion.  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  In this case,

the issues are straightforward and no evidentiary hearing is necessary.  Further, Alicea waited until 15

months after he filed his petition to request counsel.  Under these circumstances, the Court finds that the

ends of justice would not be served by appointing counsel or by granting an evidentiary hearing.

IV.  Conclusion

For the foregoing reasons, the Court DENIES Petitioner Alicea's § 2254 petition [Doc. 1], as

well as his request for appointment of counsel and for an evidentiary hearing.  [Doc. 20].  The Court

adopts in part the Report and Recommendation of the Magistrate Judge.  Accordingly, this action is

dismissed.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of

Case No. 4:04CV439
Gwin, J.

appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      IT IS SO ORDERED.


Dated: September 19, 2005               s/       *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE